**PUCKETT v. DAVIS, Agent. (No. 2691.)**

(Court of Civil Appeals of Texas. Texarkana. Feb. 22, 1923.)

Trial  ⬤=194(15)—Instruction in action for killing bull, permitting jury to disregard engineer's failure to ring bell and blow whistle held error.

In an action to recover damages for the killing of a bull by train at a public crossing, an instruction for defendant "that a mere failure to ring the bell and blow the whistle would not warrant" a finding that defendant's agents or employees who were in charge of the train that struck plaintiff's bull did not use ordinary care, and before such a finding was warranted "you must believe from the preponderance of the evidence that the servants" of defendant in charge of the engine wholly failed to use that degree of care to prevent striking the bull that an ordinarily prudent person would have used under the same or similar circumstances, *held* error, since it, in effect, told the jury they might disregard not only the failure to ring the bell and blow the whistle upon approaching the crossing, as required by statute, but that they could also disregard engineer's failure to so act after he discovered the bull on the track.

Appeal from Red River County Court; R. J. Williams, Judge.

Suit by F. B. Puckett against James C. Davis, Agent, Director General in charge of the Texas & Pacific Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed, and remanded for new trial.

See, also, 238 S. W. 367.

Prentice Wilson, of Clarksville, for appellant.

Geo. Morrison and R. T. Bailey, both of Clarksville, for appellee.

HODGES, J. The court submitted the following questions for the consideration of the jury:

"(1) What was the reasonable market value of the bull in controversy at the time of the accident?

"(2) Did the defendant's agents or employees who were in charge of the train that struck the plaintiff's bull use ordinary care in the operation of said train at the time of the accident?"

The jury in answering the first question put the value at $200. They answered the second question in the affirmative.

At the instance of the plaintiff in the case the court gave the following special charge:

"You are charged as a matter of law that the statute requires that all persons operating trains must, in approaching public road crossings, blow the whistle at least one-fourth of a mile before reaching the crossing, and must also ring the bell and continue to ring the bell until the train has passed over the crossing."

At the instance of the defendant the court gave the following charge:

"I instruct you that a mere failure to ring the bell and blow the whistle would not warrant you in answering question No. 2 of the main charge of the court in the negative. Before you would be warranted in answering said question No. 2 'No,' you must believe from the preponderance of the evidence that the servants of the defendant in charge of the engine which inflicted the accident upon the bull wholly failed to use that degree of care to prevent striking the bull that an ordinarily prudent person would have used under the same or similar circumstances."

This charge is objected to by the appellant, plaintiff below, upon the ground that it is upon the weight of the evidence, and also in conflict with the first special charge above quoted.

In the original consideration of this case we conceded that the objections to the charge were well taken, but concluded that under the facts of this case it did not lead to the rendition of an improper judgment. A further examination of the record has caused us to change that conclusion. The engineer in charge of the train testified that the whistle was blown and the bell was rung at the usual distance before reaching the public crossing where this bull was killed. Witnesses for the plaintiff testified that they heard the train pass on that occasion; that the whistle was not blown and the bell was not rung until after the collision at the crossing. That conflict made an issue for the jury. Under the special charge objected to, the jury were in effect told that they might disregard not only the failure to ring the bell and blow the whistle at the usual place required by statute, but that they could also disregard the fact that the engineer failed to ring the bell or to blow the whistle for the purpose of frightening the bull off the track after he discovered him. The engineer testified that his train was running at about 18 miles an hour; that a short time before reaching the crossing he saw the bull on the track, but that he could not then stop the train and prevent striking the bull. That

proximity, however, did not prevent him from using the whistle and the bell for the purpose of frightening the animal from the track. We have therefore concluded that the judgment should be reversed, and the cause remanded for a new trial.